OPINION
Appellant Jeffrey Pratt is appealing his convictions, in Case Numbers CR95-0161 and CR96-0054, by the Muskingum County Court of Common Pleas. The facts giving rise to this appeal are as follows.
The Muskingum County Grand Jury indicted appellant, for one count of drug abuse, on August 16, 1995, following his arrest on August 22, 1995. Appellant posted bond and was released from jail on August 23, 1995. The trial court scheduled the trial for this matter on November 14, 1995. However, on November 8, 1995, appellant's counsel filed a motion to continue the trial as he was unavailable on this date. On November 9, 1995, the trial court rescheduled appellant's trial for January 30, 1996.
On January 18, 1996, the trial court issued a warrant as appellant failed to comply with the conditions of his bond. Appellant was served with the warrant on January 29, 1996. On February 1, 1996, the trial court set a $10,000 recognizance bond which appellant posted. On February 2, 1996, the trial court rescheduled appellant's trial date for February 9, 1996. Appellant withdrew his guilty plea and plead guilty on February 7, 1996.
However, on April 3, 1996, a notice of representation was filed by counsel, on behalf of appellant. On April 5, 1996, the trial court rescheduled a trial in this matter for May 14, 1996. On April 18, 1996, counsel for appellant, filed a motion to withdraw which the trial court granted on April 19, 1996. This matter proceeded to trial on April 19, 1996. Following deliberations, the jury found appellant guilty of one count of drug abuse.
As to Case Number CR96-0054, a complaint was filed in the Zanesville Municipal Court on March 13, 1996, charging appellant with receiving stolen property. The trial court scheduled this matter for a preliminary hearing, however, prior to the preliminary hearing, the Muskingum County Grand Jury indicted appellant on one count of receiving stolen property. The trial court set bond at $10,000. Appellant entered a plea of not guilty on April 1, 1996.
On April 3, 1996, Attorney Jim Workman filed a notice of appearance of counsel on behalf of appellant. The trial court scheduled a trial in this matter for May 14, 1996. On May 6, 1996, Attorney Workman filed a motion to withdraw. This matter proceeded to trial on May 14, 1996. Following deliberations, the jury found appellant guilty of one count of receiving stolen property.
The trial court sentenced appellant to a two year determinate sentence, to run concurrent with Case Number CR95-0161, in which he received a one year determinate sentence. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. A DISCHARGE FOR DELAY IN TRIAL (PRELIMINARY HEARING) IS MANDATORY BY WAY OF ORDER OF THE SUPREME COURT PURSUANT TO O.R.C. SECTION 2945.73.
 II. RULES OF THIS CRIMINAL PROCEDURE AND SECTIONS OF THE REVISED CODE PROVIDING FOR CRIMINAL PROCEDURE SHALL BE CONSTRUED SO AS TO EFFECT THE FAIR, IMPARTIAL, SPEEDY, AND SURE ADMINISTRATION OF JUSTICE PURSUANT TO O.R.C. SECTION 2901.04.
 I
Appellant contends, in his first assignment of error, that his convictions in both cases should be reversed because he was not afforded a preliminary hearing pursuant to Crim.R. 5(B)(1). We disagree.
Crim.R. 5(B)(1) provides, in pertinent part:
 (1) In felony cases a defendant is entitled to a preliminary hearing unless waived in writing. If the defendant waives preliminary hearing, the judge or magistrate shall forthwith order the defendant bound over to the court of common pleas. If the defendant does not waive the preliminary hearing, the judge or magistrate shall schedule a preliminary hearing within a reasonable time, but in any event no later than ten consecutive days following arrest or service of summons if the defendant is in custody and not later than fifteen consecutive days following arrest or service of summons if he is not in custody. The preliminary hearing shall not be held, however, if the defendant is indicted. * * *
Under Case Number CR95-0161, appellant was not entitled to a preliminary hearing because he was not arrested upon a complaint. Rather, the Muskingum County Grand Jury indicted appellant on August 16, 1995, and a warrant was issued on August 17, 1995.
In Case Number CR96-0054, the trial court scheduled a preliminary hearing within the time frame set forth in Crim.R. 5(B)(1). However, before the scheduled preliminary hearing occurred, the Muskingum County Grand Jury indicted appellant.
The trial court did not err when it failed to conduct the preliminary hearing because pursuant to R.C. 1901.20, a municipal court only has jurisdiction in felony cases to `conduct preliminary hearings and other necessary hearings prior to the indictment of the defendant * * *.' Crim.R. 5(B)(1), citing Statev. Chavis (Dec. 26, 1996), Franklin App. No. 96APA04-508, unreported. Therefore, once the Muskingum County Grand Jury indicted appellant on March 20, 1996, the Zanesville Municipal Court lacked jurisdiction over this matter and could not proceed with the previously scheduled preliminary hearing.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends he was denied his right to a speedy trial in both cases. We disagree.
R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending shall be brought to trial within two hundred seventy days. In Case Number CR95-0161, appellant was originally arrested on May 11, 1995. However, after being brought into the Zanesville Police Department, appellant admitted that he committed the offense of drug abuse and made arrangements to work as an undercover agent for the Zanesville Police Department. Therefore, formal charges were never filed against appellant until August 16, 1995. Appellant was not served with the indictment and arrested until August 22, 1995. The two hundred seventy day period begins to run from this date.
We have reviewed the dates in this matter and find the State brought appellant to trial within the two hundred seventy day time period provided for in R.C. 2945.71(C)(2). Almost all of the delays that occurred in this case were the result of appellant's conduct and under R.C. 2945.72(A) through (H) extended the time period within which appellant had to be brought to trial. The same is true for the charge of receiving stolen property contained in Case Number CR96-0054.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.